Filed 5/31/23  P. v. Calhoun CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JONATHAN MARKAYE CALHOUN,<br><br>    Defendant and Appellant. | G061922<br><br>(Super. Ct. No. 10CF3107)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Kimberly Menninger, Judge.  Affirmed.

Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*     \*     \*

This is another of the burgeoning *Wende*[1] filings occasioned by recent legislative changes that are, not surprisingly, confusing to people who have not received a legal education. In 2019, in an attempt to make California law regarding murder more reflective of actual culpability, our Legislature effectively renounced the theories of "felony murder" and "reasonable and probable consequences liability" for murder and attempted murder.

It provided that people previously convicted could petition to have their cases reviewed and relief granted if either of those theories was employed against them and the facts of their case would not support a murder or attempted murder conviction without resort to those theories. First, the Legislature eliminated the natural and probable consequences theory for that crime by providing that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (Pen. Code, § 188, subd. (a)(3)[2].) Second, it reined in the felony murder rule so that it can only be applied to *nonkillers* if they aided and abetted the killer in committing first degree murder, or they were a major participant in the underlying felony and acted recklessly indifferent to human life. (§ 189, subd. (e).) It also provided that people whose conviction preceded enactment of these changes could petition a court to review their cases and grant them relief if one of those theories was employed against them and they could not be convicted without reliance on them.

Appellant pled guilty in 2014 to charges of attempted murder with two strike priors and a serious felony prior. He also admitted he had personally discharged a firearm and caused great bodily injury. He was sentenced to 25 years in prison. The convictions were affirmed on appeal.

---

[1] *People v. Wende* (1979) 25 Cal.3d 436.

[2] This statute was originally numbered 1170.95. We shall refer to it by its revised number of 1172.6. All further statutory references are to the Penal Code.

In 2022, appellant filed this action, seeking relief pursuant to newly-enacted section 1172.6. Section 1172.6 is the procedural mechanism for implementing the legislative changes described above.

The trial court appointed counsel for appellant, heard appellant's motion under this section and denied it. He appealed and we appointed counsel to represent him on appeal. Counsel reviewed the record in the case and concluded there was no issue she could argue that had a reasonable chance of success. She did not argue against her client but requested – as the law provides – that we independently review the case and see if *we* could find an issue that might be arguable. (*Wende, supra,* 25 Cal.3d 436; *People v. Delgadillo* (2022) 14 Cal.5th 216.) Appellant was given the opportunity to write to us and tell us what issues he thought might be found in the record and did so.

His contention is that he should have been accorded a hearing. Instead, the trial court denied his motion after reviewing the record of the case, which it is allowed to do if the petition is clearly meritless without any reference to the facts of the case. "The record of conviction will necessarily inform the trial court's prima facie inquiry under [section 1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*People v. Lewis* (2021) 11 Cal.5th 952, 957, 959.) The trial court referred to the charging document and appellant's plea form and denied the petition.

To obtain relief under the new section, the appellant had to show 1) he was prosecuted for murder or attempted murder under the felony murder rule or the natural and probable consequences doctrine, 2) his case was ultimately resolved under one of those concepts and 3) he would not be liable for his crime today because of how the Legislature has redefined that offense. (§§ 1172.6; 188, 189.) Appellant's petition fails on two of these three requirements.

First, neither of the abandoned theories was employed in his case. The charging document in his case (the first amended information) alleges that he "did

3

unlawfully, and with the specific intent to kill" attempt to murder the victim. It goes on to allege that he did so "willfully, deliberately and with premeditation[.]" No "felony murder" or "reasonable and probable consequence" allegation appears in the information. What's more, the basis for appellant's plea of guilty, which he signed, says that he discharged a firearm at the victim "with intent to kill attempt to kill [*sic*]."

Appellant's own admissions thus establish that he was prosecuted as the perpetrator of the offense and convicted by his own words without reference to any theory of felony murder or natural and probable consequences. They also establish that he would be liable for attempted murder under present law.

Appellant now alleges that in fact he did not intend to kill his victim and made those admissions only "in lieu of a trial and possible harsher sentence." But that is not an argument that can be made under section 1172.6. Such motions do not countenance an attack on the validity of the plea for any reason other than those enumerated under the section. The petition under section 1172.6 was properly denied and appellate counsel's concession under *Wende* was well-founded.

The judgment is affirmed.


                                        BEDSWORTH, ACTING P. J.
WE CONCUR:


MOTOIKE, J.


DELANEY, J.


4